# CIVIL ACTION COVER SHEET

17 CV 1623

**Trial Court of Massachusetts
The Superior Court**

| | |
|---|---|
| PLAINTIFF(S): William McDermet | COUNTY: Essex |
| ADDRESS: 4 Second Street | |
| Ipswich, MA 01938 | DEFENDANT(S): Lexington Law Firm |
| ATTORNEY: pro se | 360 North Cutler Drive |
| ADDRESS: | North Salt Lake City, Utah 84054 |
| | ADDRESS: |
| BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BH1 | Trade Regulation | A | [X] YES  [ ] NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ........... $ 0
 2. Total doctor expenses ........... $ 0
 3. Total chiropractic expenses ........... $ 0
 4. Total physical therapy expenses ........... $ 0
 5. Total other expenses (describe below) ........... $ 0
 Subtotal (A): $ 0
B. Documented lost wages and compensation to date ........... $ 0
C. Documented property damages to dated ........... $ 0
D. Reasonably anticipated future medical and hospital expenses ........... $ 0
E. Reasonably anticipated lost wages ........... $ 0
F. Other documented items of damages (describe below) ........... $ 0

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
VIOLATIONS OF M.G.L. c.159C AND THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT

TOTAL (A-F): $ 49,000

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ N/A

Signature of Attorney/Pro Se Plaintiff: X /s/ W. McD    Date: 10/26/17

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.
none

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**    Date:

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

WILLIAM MCDERMET .........., Plaintiff(s)

v.

LEXINGTON LAW FIRM .........., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon WILLIAM MCDERMET, plaintiff's ~~attorney~~, whose address is 4 SECOND ST., IPSWICH, MA 01938, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at LAWRENCE either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of           , in the year of our Lord two thousand

Date 1-6-17   Time 1420
Upon Authorized
By LG
WASATCH CONSTABLES • OGDEN, UT
Rob Kolkman, Constable • 801.392.9400

Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____, 20___ .

N.B.  TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  |
|---|
| , 20 . |

---

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No.

WILLIAM MCDERMET
Plaintiff(s)

v.

LEXINGTON LAW FIRM
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO: 17 CV

|   |   |
|---|---|
| WILLIAM MCDERMET ) | FILED |
| ) | IN THE SUPERIOR COURT |
| Plaintiff ) | FOR THE COUNTY OF ESSEX |
| ) | OCT 27 2017 |
| v. ) | |
| ) | CLERK |
| LEXINGTON LAW FIRM ) | |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

1.      This is a civil action for damages based on the defendant's violations of: the Federal Telephone Consumer Protection Act (47 U.S. Code § 227); Massachusetts's Telemarketing Solicitation statute (M.G.L.c. 159C); and the Massachusetts Consumer Protection Act (M.G.L. c. 93A).

## THE PARTIES

2.      Plaintiff, WILLIAM MCDERMET, is a natural person residing currently and at all times relevant to this action in Ipswich, Essex County, Massachusetts.

3.      Defendant, Lexington Law Firm, is a Corporation headquartered at 360 North Cutler Drive, North Salt Lake, Utah, organized under the laws of the state of Utah.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the causes of action alleged in this Verified Complaint because the defendant has had sufficient contact with Massachusetts in connection with the causes of action alleged in this Verified Complaint pursuant to G.L. c. 223A, § 3, and c. 93A.

5. The Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint.

6. Venue is appropriate because the violations complained of all occurred in Essex County, Massachusetts.

## STATEMENT OF FACTS

7. Plaintiff registered his home telephone number (978-356-0256) and cellular telephone number (978-270-8669) with both the State and Federal Do-Not-Call Registries on August 16, 2003, and January 28, 2010, respectively, in accordance with G.L. c. 159C, 201 CR 12.05, 47 U.S. Code 227 (the Telephone Consumer Protection Act), and 16 C.F.R. § 310.4(b)(1)(iii)(B).

8. On six occasions (December 27, 2016 (1:29 and 1:42 p.m.), January 25, 2017, February 23, 2017, March 7, 2017, March 9, 2017, and April 19, 2017), Defendant, or their agent, telephoned Plaintiff on his cell phone.

9. All of these calls began with a mechanical or recorded voice, which asked if Plaintiff needed help with credit repair.

10. During the calls on March 7, 2017 and March 9, 2017, Plaintiff indicated to the machine voice calling him that he was interested, and Plaintiff was transferred to a live person. These persons stated that they were with Lexington Law Firm, of Utah. Plaintiff informed these persons that the calls were violations of State and Federal Do-Not-Call laws. On March 9, 2017, Plaintiff asked the caller for a physical address for Defendant. Plaintiff was transferred to a supervisor, who provided a P.O. Box address. Plaintiff again asked for a physical address, and was put on hold. Shortly thereafter, the line went dead.

11. On each of the above occasions when Plaintiff spoke with a live person, that person did not know Plaintiff's name.

12. The numbers shown on Plaintiff's caller identification on December 27, 2016 (both), February 23, 2017, and March 9, 2017 could not be redialed. The numbers shown on January 25, 2017 and March 7, 2017, when redialed, lead to organizations apparently not related to Defendant.

13. At no time did Plaintiff give Defendant or their agent express written permission to call either of his telephone numbers.

14. On March 12, 2017, Plaintiff sent a letter to Defendant demanding that Defendant stop calling him, and that Defendant provide him with the name of a lead generator who had initiated any of these calls. Defendant received this letter via certified mail on March 17, 2017.

15. On April 19, 2017, Plaintiff received an e-mail from Attorney Laura Tanner, on behalf of Defendant, acknowledging receipt of Plaintiff's demand letter, and disavowing any liability.

using an automatic telephone dialing system, as defined in 47 U.S. Code § 227(a)(1). As evidenced by Defendant's ignorance of who they were calling.

21. Defendant on those seven occasions knowingly and intentionally violated 47 U.S. Code § 227(e)(1) and 15 U.S. Code § 6102(a)(3)(A) by blocking the Plaintiff's caller identification device, and in so doing committed seven distinct violations of 47 U.S. Code § 227.

## COUNT II

### VIOLATIONS OF THE MASSACHUSETTS DO-NOT-CALL STATUTE M.G.L. c. 159C AND THE MASSACHUSETTS CONSUMER PROTECTION ACT

22. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-21 as if fully set forth herein.

23. Defendant on seven occasions knowingly and intentionally violated M.G.L.c.159C§3(i) and 201 CMR 12.02(1) by calling Plaintiff's cellular telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, those calls not being regarding a debt, and without Plaintiff's express written permission.

24. Defendant on seven occasions knowingly and intentionally violated M.G.L.c.159C§3(iv) and 201 CMR 12.02(4) by using a recorded message.

25. Defendant on seven occasions knowingly and intentionally violated M.G.L.c.159C§4 and 201 CMR 12.02(5) by blocking Plaintiff's caller identification device.

26. Defendant on seven occasions knowingly and intentionally violated M.G.L.c.159C§5A(a), 201 CMR 12.02(7) by not disclosing the correct name of the telemarketing company or the name of the ultimate seller.

27.    All of the above acts constituted a violation of the Massachusetts Consumer Protection Act, M.G.L.c.93A, being unfair and deceptive acts.

**WHERFORE**, Plaintiff requests that this honorable Court:

   A.    Enter judgment against Defendant on all counts;

   B.    Award damages in the amount of $14,000 for the twenty-eight violations enumerated in Count I: $500 for each as a violation of Federal law per 47 U.S. Code §§ 227(c)(5)(B) and 227(b)(3)(B), including violations of 15 U.S. Code § 6102 and 16 U.S. Code § 310.4;

   C.    Award damages in the amount of $35,000 for the seven violations in Count II: $5,000 for each as a violation of Massachusetts law per M.G.L.c.159C §5(b)(2);

   D.    Award damages to Plaintiff for violations of M.G.L. c. 93A, as outlined in this Complaint;

   E.    Award damages to Plaintiff and double or treble all such damages, as applicable and as the court deems appropriate, pursuant to the provisions of M.G.L. c. 93A §2, and 47 U.S. Code § 227;

   F.    Award Plaintiff costs of suit; and

   G.    Issue a Permanent Injunctive Order enjoining Defendant from ever contacting Plaintiff by telephone, at his home or cellular telephone numbers, as allowed by 47 U.S. Code §§ 227(c)(5)(A) and 227(b)(3)(A).

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE**

By William McDermet, pro se

*[signature]* 10/26/17
William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com