**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
Eastern Division

**WILLIAM MCDERMET,**

**Plaintiff,**

**v.**                                          **CASE NO. 1:17-cv-12327-FDS**

**LEXINGTON LAW FIRM,**

**Defendant.**

**DEFENDANT JOHN C. HEATH ATTORNEY AT LAW, PLLC dba**
**LEXINGTON LAW FIRM'S MEMORANDUM IN SUPPORT OF ITS**
**PARTIAL MOTION TO DISMISS**

Defendant John C. Heath Attorney at Law, PLLC dba Lexington Law Firm ("Lexington"),[1] by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss the claims brought under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(e)(1), 15 U.S.C. § 6102, and Mass. Gen. Laws ch. 93A in the Complaint and Jury Demand ("Complaint") filed by *pro se* Plaintiff William McDermet ("Plaintiff").

## INTRODUCTION

Plaintiff's Complaint alleges that Lexington placed telephone calls to Plaintiff's cellular telephone in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), the Telemarketing and Consumer Fraud Abuse Prevention Act, 15 U.S.C. § 6101, *et seq.* ("TCFAPA"), Massachusetts' Telemarketing Solicitation Statute, Mass. Gen. Laws ch. 159C, *et seq.*, and the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, *et seq.* ("MCPA").  However, several of Plaintiff's claims suffer incurable pleading deficiencies, and must be dismissed by this Court.

---

[1] Plaintiff names "Lexington Law Firm" as the defendant in his Complaint.  The full name of the proper entity is John C. Heath Attorney at Law, PLLC dba Lexington Law Firm.

33407392

For instance, section 227(b)(1)(B) of the TCPA prohibits initiating "any telephone call to any *residential telephone* line using an artificial or prerecorded voice . . ." But Plaintiff has only alleged calls to his *cellular* telephone. The Complaint therefore fails to state a claim for relief under 47 U.S.C. § 227(b)(1)(B). Plaintiff's claim under 47 U.S.C. § 227(e)(1), which is known as the Truth in Caller ID Act ("TCIA"), likewise fails because the TCIA contains no private right of action. Plaintiff's claims under the TCFAPA and the Federal Trade Commission ("FTC") Telemarketing Sales Rule, 16 C.F.R. 310.4(b) ("TSR") fare no better. Plaintiff has not alleged actual damages of $50,000 or more, as required to state a claim for relief. Finally, Plaintiff's Complaint also does not state a claim for relief under the MCPA. Plaintiff does not (and cannot) allege any extreme or egregious conduct on the part of Lexington and thus his claim under the MCPA must be dismissed.

For the following reasons, Lexington requests that the Court dismiss these claims in Plaintiff's Complaint with prejudice.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "facially plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In other words, the plaintiff's complaint must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Id.*; *see also Schatz v. Republican State*

2

*Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (the court should "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements").  Pleadings filed by *pro se* litigants must be dismissed if they fail to comply with these rules.  *See Kruskall v. Sallie Mae Serv.*, Case No. 15-cv-11780, 2016 U.S. Dist. LEXIS 32507, at *2 (D. Mass. Mar. 14, 2016) (citing *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[*P*]*ro se* litigants must still comply with procedural and substantive law.").

## ARGUMENT

**I.    Plaintiff does not allege calls to his residential telephone line and thus fails to state a claim for relief under 47 U.S.C. § 227(b)(1)(B).**

Section 227(b)(1)(B) of the TCPA makes it unlawful for any person "to initiate any telephone call to any *residential* telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."  47 U.S.C. § 227(b)(1)(B) (emphasis added).  But Plaintiff's Complaint does not include any allegations that Lexington initiated a call to his residential telephone line.  Plaintiff only alleges that Lexington called his *cell phone*.  (Compl. ¶ 8.)  Indeed, with respect to the seven phone calls at issue in Plaintiff's Complaint, Plaintiff expressly alleges that Lexington called "Plaintiff's *cellular* telephone number" on each occasion.  (Compl. ¶ 8, 18, 19, 20, 23) (emphasis added).  Even in paragraph 20 – which alleges the violation of § 227(b)(1)(B) – Plaintiff claims that Lexington called "Plaintiff's *cellular* telephone number."  (Compl. ¶ 20) (emphasis added).

Because Plaintiff does not allege that Lexington called his residential telephone line, Plaintiff's claim under § 227(b)(1)(B) must be dismissed.

33407392

## II.     The TCIA does not provide a private right of action.

The TCPA contains a private right of action for violations of only certain subsections of the statute. *See Kopff v. Battaglia*, 425 F. Supp. 2d 76, 90 (D.D.C. 2006) ("The TCPA . . . does not create a private right of action for every violation of its provisions, but instead creates such a right only in specific circumstances."); *Cynthia S. Holmes, P.C. v. Back Doctors, Ltd.*, 695 F. Supp. 2d 843, 854 (S.D. Ill. 2010) (finding that Congress's creation of a private right of action under sections 227(b) and (c) but not (d) "manifests a legislative intent not to create a private right of action under subsection (d) of the statute."). This private right of action does not extend to 47 U.S.C. § 227(e)(1) – the TCIA.

The TCIA makes it unlawful to "knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value." 47 U.S.C. § 227(e)(1). The TCIA provides that only the "chief legal officer of a state, or any other State officer authorized by law to bring actions on behalf of the residents of a State, may bring a civil action" to enforce the TCIA or to impose civil penalties for a violation of the Act. 47 U.S.C. § 227(e)(6)(A). The TCIA does not provide for a private right of action. *See Brosnan v. Nat'l Loan Ctr.*, Case No. 15-cv-3487, 2015 U.S. Dist. LEXIS 145086, at *6 (N.D. Cal. Oct. 26, 2015) (dismissing the plaintiff's § 227(e) claims, because "there is no private right of action as to § 227(e)"); *Clark v. Avatar Technologies Phl, Inc.*, Case No. 13-cv-2777, 2014 U.S. Dist. LEXIS 45940, at *11 (S.D. Tex. Apr. 3, 2014) (same); *Ghawi v. Law Offices of Howard Lee Schiff, P.C.*, Case No. 3:13-cv-115, 2014 U.S. Dist. LEXIS 172930, at *20 (D. Conn. Dec. 1, 2014) (same). Without a private right of action, Plaintiff cannot state a claim for relief under 47 U.S.C. § 227(e)(1) and his claims should be dismissed as a matter of law.

33407392

**III.    Because Plaintiff does not allege the requisite amount of actual damages, his claims under the TCFAPA and TSR must be dismissed.**

"The TCFAPA creates a private right of action for any person adversely affected by a telemarketing practice that violates any of the FTC's rules," including the TSR.  *Shostack v. Diller*, Case No. 15-cv-2255, 2015 U.S. Dist. LEXIS 123777, at *34 (S.D.N.Y. Sept. 16, 2015); *see also* 15 U.S.C. § 6104(a).  However, Congress has limited this right of action to persons who have suffered $50,000 or more in actual damages as a result of the violation.  *See id.* at *34–35; 15 U.S.C. § 6104(a).  Courts have accordingly dismissed cases where a plaintiff has failed to allege the requisite amount of actual damages.  *See, e.g.*, *Shostack*, 2015 U.S. Dist. LEXIS 123777, at *35 ("[Plaintiff] has not alleged any actual damages.  Rather, he claims only statutory damages (and punitive damages, which do not count toward the $50,000 requirement), the sum of which do not meet the $50,000 threshold. . . . Accordingly, [Plaintiff's] TSR claim should . . . be dismissed."); *Azeltine v. Bank of Am.*, Case No. 10-cv-218, 2010 U.S. Dist. LEXIS 142693, at *20–21 (D. Ariz. Dec. 14, 2010) (concluding that the plaintiff had failed to state a claim under the TCFAPA because the alleged actual damages were "below the minimum actual damages amount required by the statute").

Plaintiff's Complaint does not allege that the "amount in controversy exceeds the sum or value of $50,000 in actual damages."  15 U.S.C. § 6104(a).  Because Plaintiff has failed to meet the statutory requirements for bringing an action under the TCFAPA, Plaintiff's claims must be dismissed.

**IV.    Plaintiff fails to state a claim for relief under the MCPA.**

The MCPA prohibits "unfair methods or deceptive acts or practices in the conduct of any trade or commerce."  Mass. Gen. Laws ch. 93A, § 2.  "A successful claim [under the MCPA] requires a showing of 1) a deceptive act or practice on the part of the defendant, 2) an injury or

loss suffered by the plaintiff and 3) a causal connection between the defendant's deceptive act or practice and the plaintiff's injury." *Jones v. Experian Info. Solutions, Inc.*, 141 F. Supp. 3d 159, 163 (D. Mass. 2015) (citation and internal quotation marks omitted).  "'Mere negligence' cannot maintain a 93A claim; rather, the defendant must have committed some 'extreme or egregious' fault." *Id*. at 163–64.

Plaintiff's Complaint does not contain any facts to support these elements of a MCPA claim.  Indeed, the Complaint only contains a single reference to the MCPA: "All of the above acts constituted a violation of the [MCPA], being unfair and deceptive acts."  (Compl. ¶ 27.) The Complaint offers no other facts in support of this claim.  Plaintiff does not allege any facts relating to an "extreme or egregious" violation or any injury suffered by Plaintiff as a result of Lexington's alleged conduct.   Plaintiff's MCPA claim should accordingly be dismissed for failure to state a claim for relief.

Plaintiff's alleged TCPA statutory violations also cannot save his MCPA claim.  "'[T]he case law is clear that a statutory violation is not a *per se* violation of ch. 93A.'"  *Jones*, 141 F. Supp. 3d at 163 (quoting *Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 55 (D. Mass. 2004)).  An alleged TCPA violation by itself therefore does not support a MCPA violation.  *See Jones*, 141 F. Supp. 3d at 163.  As this Court has previously held, "[v]iolating the TCPA only requires proof that defendants made calls to a cellular telephone.  It does not involve any element of unfairness or deception."  *Id*.  In *Jones*, the plaintiff sought leave to file a Second Amended Complaint to add in part an MCPA claim against the defendant.  *Id*. at 161. In support of his claim, the plaintiff alleged that the defendant's telephone calls "are unfair because they are 'harassing and annoying and invades the privacy of Plaintiff and . . . [causes him] to incur costs for receiving calls,' and deceptive because 'the calls contain misleading sales pitches, and are

made to appear as though they are from . . . an entity other than the actual business sending out the calls.'" *Id*. at 164.  But the Court held that these allegations "do not support the idea that Defendants committed any extreme or egregious act," as required by the MCPA.  *Id*.  The Court denied Plaintiff's motion for leave to amend, finding that the proposed amendment would be futile.  *Id*. at 161.

This Court should find the same result.  Even accepting Plaintiff's allegations as true, the Complaint does not allege that Lexington's conduct was sufficiently outrageous to state a claim for relief under the MCPA.  *See id*. at 163.  His claim should therefore be dismissed.

## V.  CONCLUSION

For the foregoing reasons, John C. Heath Attorney at Law, PLLC dba Lexington Law Firm respectfully requests that this Court (1) grant its Partial Motion to Dismiss; and (2) grant it any other relief that it may deem appropriate.

Dated:  December 18, 2017                              Respectfully submitted,

/s/ *Michael T. Grant*
Michael T. Grant, BBO# 677893
LECLAIRRYAN
One International Place, Suite 1110
Boston, MA 02110
Telephone:  (617) 502-5728
Facsimile:  (617) 502-5738
Email:  michael.grant@leclairryan.com

*Counsel for Defendant John C. Heath
Attorney at Law, PLLC dba Lexington Law
Firm*

33407392

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December 2017, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William McDermet
4 Second Street
Ipswich, MA 01938
xebec2718@gmail.com

/s/ Michael T. Grant
Michael T. Grant

33407392