IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDERMET ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 1:17-cv-12327-FDS |
| ) | |
| LEXINGTON LAW FIRM ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSTION TO
DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff William McDermet, pro se, herby submits his Memorandum of Law in Opposition to Defendant's Partial Motion to Dismiss.

## INTRODUCTION

Contrary to Defendant's assertions, all of Plaintiff's claims are properly brought, and none are ripe for dismissal.

## ARGUMENT

The standard for dismissal has not been met; rather, Plaintiff has met the standard for asserting a colorable claim. Plaintiff concedes that some facts supporting his claims are not precisely recited; however, Plaintiff avers that this deficiency is attributable to the efforts of Defendant and its agents to obscure the identities of those agents. Several of the tortious acts which Plaintiff alleges were committed by entities who may or may not be agents of the

Defendant, whose identities Defendant has declined to reveal. Plaintiff is confident that the discovery process will allow him to pierce Defendant's veil of secrecy, and repair this deficiency.

Plaintiff also observes that he need not lay out every detail of his claim in the initial complaint, but merely allege a plausible claim.

To withstand a Rule 12(b)(6) motion to dismiss, a complaint merely needs to allege a claim that plausibly entitles the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The standard here is plausibility, not probability, but "more than a sheer possibility the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). A complaint "does not need detailed factual allegations," but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted).

Evaluating plausibility is a two-step process. *Rodriguez–Reyes v. Molina–Rodriguez*, 711 F.3d 49, 53 (1st Cir. 2013). "First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited). Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief." *Id.* "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Id.* (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

Whether the Plaintiff is likely to succeed at trial or summary judgment is not the question before the court today. The court must merely determine whether Plaintiff has stated a cause of

action where he may be entitled to relief, and whether he has alleged violations of that law which would entitle him to relief. The TCPA and MGL 159C outlaw telephone calls to a subscriber who has placed his number on the Do-Not-Call registries. In the complaint, Plaintiff states that he did place his telephone number on those registries, and that Defendant later violated those statutes by telephoning him. Plaintiff has therefore met the standard for stating a claim upon which relief may be granted.

## I. Plaintiff erroneously cited to 47 U.S. Code § 227(b)(1)(B) instead of 47 U.S.C. § 227(b)(1)(A)(iii).

Defendant, in its Memorandum, observes that Plaintiff, in his complaint, cited 47 U.S. Code § 227(b)(1)(B), which discusses only calls made to residential lines, not cellular phones. Plaintiff avers that this citation was in error, and that this citation should have been to 47 U.S.C. § 227(b)(1)(A)(iii) – the subsection immediately above the subsection cited in error. These subsections – although formatted slightly differently – are identical in their prohibition of automatic dialing systems, which Plaintiff alleges Defendant used repeatedly.

## II. The TCIA does grant Plaintiff a private right of action.

In 47 U.S. Code § 227(b)(3), Congress provided for a private right of action for "a violation of this subsection". That subsection makes no specification as to which violations of § 227 create a private right of action, and the Court must therefore assume that Congress intended for any violations of § 227 to create a private right of action.

Plaintiff suggests to the Court that Defendant's reliance on *Kopff v. Battaglia*, 425 F. Supp. 2d 76 (D.C. 2006) and *Cynthia S. Holmes, P.C. v. Back Doctors, Ltd.*, 695 F. Supp. 2d 843 (S.D. Ill. 2010) is inappropriate, because those cases involved fax transmissions, not telephone calls. An accurate caller identification is of little utility in the case of a fax transmission;

however, proper identification of a caller to a telephone is very important – as Congress understood – to the user of a cellular or residential phone, because it allows the subscriber to decide whether to ignore the call.

Furthermore, other courts have declined to follow these decisions. *Holmes* is distinguished by *Bais Yaakov of Spring Valley v. Alloy, Inc.*, 936 F. Supp. 2d 272 (S.D. N.Y. 2013), where the Court found that the Plaintiff did have a right of action under § 227(d).

### III.     Plaintiff has a right of action under 15 U.S. Code § 6104(a) and 16 CFR 310.4.

Defendant in its Memorandum argues that Plaintiff has no right of action, because the amount in controversy is less than $50,000. However, Plaintiff suggests to the Court that dismissal at this juncture would be premature, for two reasons:

First, Plaintiff's initial calculus did not include trebling of damages based upon Defendant's violations being knowing and wanton. Should any of Plaintiff's claims be trebled, his claims will then exceed the regulatory monetary requirement.

Second, Plaintiff expects that, in the course of discovery, further violations of the cited statutes and regulations may be discovered. In that case, the regulatory monetary requirement would be met.

Defendant cites Shostack, 2015 U.S. Dist. Lexis 123777 (S.D. N.Y. 2015) as authority in its interpretation of 15 U.S. Code § 6104(a) and 16 CFR 310.4. However, this is not a judicial ruling, but a Report and Recommendation by a Magistrate Judge, with no stare decisis authority.

Plaintiff notes that 47 U.S. Code § 227(b)(3) grants him "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation". Plaintiff suggests to the Court that 15 U.S. Code § 6104(a) and 16 CFR 310.4 are those

regulations to which the subsection refers, and that he therefore has a right of action, regardless of the amount in controversy.

### IV.     Plaintiff's claims under M.G.L. c.93A

Defendant also argues that Plaintiff's claims under the Massachusetts Consumer Protection Act must be dismissed, because no actual injury is alleged.  However, Defendant ignores the fact that Plaintiff's entire civil complaint is based on an ongoing, concrete injury – the repeated invasion of his privacy, and trespass to chattels.

Defendant's reliance on *Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51 in this argument is inapposite: Swenson was found to have no basis in the MCPA because the injury caused to that plaintiff by the defendant truck driver did not arise out of their business relationship – they had no relationship beyond being in motor vehicles on the same road.  That defendant did not engage in an unfair and deceptive act when he collided with that plaintiff. Pointedly, however, the Magistrate Judge goes on to note that the MCPA could be invoked in any business relationship, even absent a contract.

Here, the MCPA can be invoked, because Defendant Lexington Law Firm was engaged in commerce when they illegally and wantonly telephoned Plaintiff, who had signaled Defendant that he forbade them from calling him, by registering with the State and Federal Do-Not-Call Registries.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

By William McDermet, pro se
 /s/   William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com

## CERTIFICATION OF SERVICE

I hereby certify that on this day, January 2, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

 /s/ William McDermet
William McDermet, pro se