**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### Eastern Division

**WILLIAM MCDERMET,**

      **Plaintiff,**

      **v.**                              **CASE NO. 1:17-cv-12327-FDS**

**LEXINGTON LAW FIRM,**

      **Defendant.**

---

### DEFENDANT JOHN C. HEATH ATTORNEY AT LAW, PLLC d/b/a
### LEXINGTON LAW FIRM'S REPLY MEMORANDUM IN SUPPORT OF ITS
### PARTIAL MOTION TO DISMISS

Defendant John C. Heath Attorney at Law, PLLC d/b/a Lexington Law Firm

("Lexington"), by counsel, submits this reply brief in support of its Partial Motion to Dismiss the

Complaint filed by Plaintiff William McDermet ("Plaintiff") (Dkt. No. 10).

### ARGUMENT

**I.**    **Plaintiff does not dispute that his claims under 47 U.S.C. § 227(b)(1)(B) should be dismissed.**

Plaintiff now claims that his citation to section 227(b)(1)(B) of the Telephone Consumer

Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") – which prohibits any person from

"initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded

voice to deliver a message without the prior express consent of the called party" – was "in error."

(Pl.'s Opp'n Br. at 3.)[1]  He contends that the citation should have been to § 227(b)(1)(A)(iii),

---

[1] During the telephonic meet and confer in anticipation of filing the Partial Motion to Dismiss, counsel for Lexington advised Plaintiff that it would be moving to dismiss his claim under 227(b)(1)(B) for failure to allege any calls to a residential telephone line.  Plaintiff did not mention during that call that the statute was allegedly cited "in error."

thus conceding that he cannot state a claim for relief under § 227b(1)(B). (*See id.*)[2] His claim

under section 227(b)(1)(B) should accordingly be dismissed.[3]

## II.     The TCIA does not provide a private right of action.

Unsurprisingly, Plaintiff offers no authority for his argument that the Truth in Caller ID

Act, 47 U.S.C. § 227(e)(1) ("TCIA"), grants him a private right of action. (*See* Pl.'s Opp'n Br. at

3–4.) And Plaintiff cannot offer any such support because the TCIA plainly does not provide for

any private right of action. *See* 47 U.S.C. § 227(e)(1) (providing that only the "chief legal

officer of a State, or any other State officer authorized by law to bring actions on behalf of the

residents of a State, may bring a civil action" to enforce the TCIA or to impose civil penalties for

a violation of the Act). Plaintiff fails to address the plain language of the statute or the various

court decisions cited in Lexington's opening brief that all support this conclusion. (*See* Mem. in

Supp. of Partial Mot. to Dismiss at 4.)[4]

Plaintiff only argues that section 227(b)(3) of the TCPA – which provides for a private

right of action – "makes no specification as to which violations of § 227 create a private right of

action." (Pl.'s Opp'n Br. at 3.) But that argument is wrong. The express language of the statute

---

[2] Contrary to Plaintiff's claim, and as evidenced by the plain language of the statute, these two subsections of the TCPA are not "identical in their prohibitions." (*See* Pl.'s Opp'n Br. at 3); *Compare* 47 U.S.C. § 227(b)(1)(A)(iii) (directed at cellular telephones) *with* 47 U.S.C. § 227(b)(1)(B) (directed at residential telephone lines).

[3] Plaintiff should also not be permitted leave to amend his Complaint as any amendment would be futile. *See Silvestri v. Smith*, No. 14-13137, 2015 U.S. Dist. LEXIS 50842, at *16 (D. Mass. Apr. 17, 2015) (leave to amend may be denied for "futility of amendment") (citation and internal quotation marks omitted). Plaintiff's Complaint already includes a duplicative claim under 47 U.S.C. § 227(b)(1)(A)(iii). (*See* Compl. ¶¶ 18, 19.)

[4] Plaintiff only mentions the *Kopff* and *Holmes* cases referenced in Lexington's opening brief, which stand for the general proposition that the TCPA does not extend a private right of action to every subsection of the statute. (*See* Pl.'s Opp'n Br. at 3); (Mem. in Supp. of Partial Mot. to Dismiss at 4.) Notably, Plaintiff does not contest the specific TCIA-related cases cited in Lexington's brief.

provides that a person may bring "an action based on a violation of this *subsection* or the regulations prescribed under this *subsection* to enjoin such violation." 47 U.S.C. § 227(b)(3)(a) (emphases added). The TCIA does not fall within subsection 227(b). *See* 47 U.S.C. § 227(e)(1). Plaintiff's argument should therefore be summarily rejected.

III.    **Plaintiff's opposition brief confirms that his claims under 15 U.S.C. § 6104(a) and 16 C.F.R. 310.4 should be dismissed.**

As explained in Lexington's opening brief, Congress has limited an action under the Telemarketing and Consumer Fraud Abuse Prevention Act, 15 U.S.C. § 6101, *et seq.* ("TCFAPA"), to persons who have suffered $50,000 or more in actual damages as a result of a violation. (Mem. in Supp. of Partial Mot. to Dismiss at 5) (citing *Shostack v. Diller*, Case No. 15-cv-2255, 2015 U.S. Dist. LEXIS 123777, at *34–35 (S.D.N.Y. Sept. 16, 2015); 15 U.S.C. § 6104(a)).[5] If a plaintiff's Complaint fails to allege the requisite amount of actual damages, it will be dismissed. *See Shostack*, 2015 U.S. Dist. LEXIS 123777, at *35; *Azeltine v. Bank of Am.*, No. CV 10-218, 2010 U.S. Dist. LEXIS 142693, at *20–21 (D. Ariz. Dec. 14, 2010).[6]

Plaintiff again does not dispute this statutory requirement and even admits that his Complaint does not allege $50,000 or more in actual damages. (*See* Pl.'s Opp'n Br. at 4.) Instead, he attempts to set forth two reasons why the Court should overlook his deficient Complaint: (1) if Plaintiff's claims are ultimately trebled, Plaintiff claims that he will then exceed the regulatory monetary requirement; and (2) during the course of discovery, Plaintiff claims that some further violations may be discovered, thus satisfying the monetary requirement.

---

[5] The *Shostack* Report and Recommendation was adopted "in full" by the district court. *See Shostack v. Diller*, No. 15-cv-2255, 2016 U.S. Dist. LEXIS 30354, at *4 (S.D.N.Y. Mar. 8, 2016).

[6] Punitive damages "do not count toward the $50,000 requirement." *Shostack*, 2015 U.S. Dist. LEXIS 123777, at *35.

But neither of these reasons provide sufficient grounds to survive Lexington's motion to dismiss. Indeed, on a motion to dismiss, the Court only considers the facts pled in Plaintiff's Complaint. If those facts are not sufficient to state a claim for relief, then the Complaint should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, Plaintiff's argument that the Court should consider some vague, speculative damages that are not pled in the Complaint should be rejected and his claims dismissed.

**IV.     Plaintiff's Complaint contains no facts to support his MCPA claim.**

A claim for a violation of the MCPA requires more than mere negligence; "rather, the defendant must have committed some 'extreme or egregious' fault." *Jones v. Experian Info. Solutions, Inc.*, 141 F. Supp. 3d 159, 163–64 (D. Mass. 2015). Plaintiff's opposition brief does not challenge (or even mention) this well-established standard. Because Plaintiff's Complaint undisputedly does not contain any facts to support the required elements of a MCPA claim, the Complaint must be dismissed for failure to state a claim.

Plaintiff's opposition brief only raises the issue of his apparent "concrete injury." Plaintiff argues that Lexington "ignores the fact that Plaintiff's entire civil complaint is based on an ongoing, concrete injury – the repeated invasion of his privacy, and trespass to chattels." (Pl.'s Opp'n Br. at 5.) But Plaintiff's Motion to Remand, which was filed less than three weeks ago, alleges the exact opposite: "Plaintiff in his Complaint . . . did not allege in [his] Complaint that he suffered any concrete injury" nor did he allege any "actual damages." (Mot. to Remand, Dkt. No. 9 at 2.) Plaintiff's sudden reversal of his prior admissions evidences his gamesmanship in this case and should not be permitted. According to Plaintiff's Motion to Remand, Plaintiff did not suffer any concrete injury or actual damages, thus further supporting dismissal of

Plaintiff's MCPA claim.  *See Jones*, 141 F. Supp. 3d at 163 ("A successful claim [under the MCPA] requires a showing of 1) a deceptive act or practice on the part of the defendants, 2) an injury or loss suffered by the plaintiff and 3) a causal connection between the defendant's deceptive act or practice and the plaintiff's injury.") (citation and internal quotation marks omitted).

## **CONCLUSION**

For the foregoing reasons, John C. Heath Attorney at Law, PLLC dba Lexington Law Firm respectfully requests that this Court (1) grant its Partial Motion to Dismiss; and (2) grant it any other relief that it may deem appropriate.

Dated:  January _____, 2018

Respectfully submitted,

/s/ *Michael T. Grant*
Michael T. Grant, BBO# 677893
LECLAIRRYAN
One International Place, Suite 1110
Boston, MA 02110
Telephone:  (617) 502-5728
Facsimile:  (617) 502-5738
Email:  michael.grant@leclairryan.com

*Counsel for Defendant John C. Heath*
*Attorney at Law, PLLC dba Lexington Law*
*Firm*

**CERTIFICATE OF SERVICE**

I hereby certify that on this ____ day of January 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

William McDermet
4 Second Street
Ipswich, MA 01938
xebec2718@gmail.com

/s/ Michael T. Grant_____
Michael T. Grant

33542267v1