# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM MCDERMET, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No.<br>) 17-12327-FDS |
| v. | )<br>) |
| JOHN C. HEATH, ATTORNEY AT LAW,<br>PLLC d/b/a LEXINGTON LAW FIRM, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S PARTIAL MOTION TO DISMISS

**SAYLOR, J.**

This is an action arising from alleged solicitation calls made by defendant to plaintiff's cell phone. The *pro se* complaint contends that defendant violated various federal and state telemarketing and consumer protection statutes. Defendant has moved to dismiss four subclaims for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion will be granted in part and denied in part.

**I.    Background**

    **A.    Factual Background**

The facts are set forth as described in the complaint.

William McDermet is a resident of Ipswich, Massachusetts. (Compl. ¶ 2). He registered both his home landline phone number and cell phone number on the state and federal do-not-call registries. (*Id.* ¶ 7). It appears that he registered the landline number on August 16, 2003, and

the cell phone number on January 28, 2010. (*Id.*).[1]

Defendant or its agent allegedly called McDermet on his cell phone on seven separate occasions. (*Id.* ¶ 8). The calls were made on six dates: December 27, 2016 (1:29 p.m. and 1:42 p.m.), and January 25, February 23, March 7, March 9, and April 19, 2017. (*Id.*). When McDermet first picked up his phone, he heard a mechanical or recorded voice asking whether he needed help with credit repair. (*Id.* ¶ 9).

During the two calls made in March 2017, McDermet indicated to the mechanical voice that he was interested in credit repair services. (*Id.* ¶ 10). At that point, he was transferred to a live person. (*Id.*). In both instances, the person on the other end of the line did not know McDermet's name and stated they were with the "Lexington Law Firm" in Utah. (*Id.* ¶¶ 10-11). During the March 9 phone call, McDermet requested a physical address for defendant. (*Id.* ¶ 10). He was then transferred to a supervisor, who provided a P.O. Box address. (*Id.*). McDermet reiterated his request for a physical address, and soon afterwards the line went dead. (*Id.*).

On December 27, 2016, and February 23 and March 9, 2017, McDermet's caller identification function showed numbers that could not be redialed. (*Id.* ¶ 12). The numbers shown on January 25 and March 7, 2017, when redialed, led to entities unrelated to the Lexington Law Firm. (*Id.*).

The complaint further alleges that McDermet never gave defendant or its agents permission to contact him. (*Id.* ¶ 13). In addition, on March 12, 2017, he sent a letter by certified mail to defendant demanding that it cease calling him and provide the name of any

---

[1] The complaint is ambiguous. It could also be read to state that McDermet registered both numbers with the state registry on August 16, 2003, and with the federal registry on January 28, 2010. (Compl. ¶ 7).

"lead generator" used to initiate the six calls. (*Id.* ¶ 14). He received a reply from attorney Laura Tanner on April 19, 2017, acknowledging receipt of the demand letter. (*Id.* ¶ 15). The reply disavowed liability. (*Id.*).

The same day he received the letter, McDermet received another call using a mechanical voice purporting to offer to help with credit repair. (*Id.* ¶ 16). He provided the recording a fictitious name and was again transferred to an entity identifying itself as the Lexington Law Firm. (*Id.*). Upon speaking to a live person, he again stated that defendant was violating federal and state laws. (*Id.*). The number on his caller identification function could not be redialed. (*Id.*).

### B. Procedural Background

The complaint was originally filed in the Essex County Superior Court on October 27, 2017. It alleges two counts against defendant, and embedded within both counts are multiple subclaims. Count 1 alleges violation of federal do-not-call laws and regulations. It alleges that defendant violated two subsections of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227—(b)(1)(A)(iii) and (b)(1)(B). It further alleges that defendant violated the Truth in Caller ID Act ("TCIA"), 47 U.S.C. § 227(e)(1), the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"), 15 U.S.C. § 6101 *et seq.*, and the Federal Trade Commission ("FTC") Telemarketing Sales Rule, 16 C.F.R. § 310.4. Count 2 alleges that defendant violated the state consumer protection statute, Mass. Gen. Laws ch. 93A, and the state do-not-call statute, Mass. Gen. Laws ch. 159C.

Defendant timely removed the action to federal court on November 27, 2017. Defendant has since moved to dismiss five subclaims: those brought under (1) section 227(b)(1)(B) of the TCPA, (2) the TCIA, (3) the TCFAPA, (4) FTC Telemarketing Sales Rule, and (5) Chapter 93A

3

for failure to state a claim.

## II. Legal Standard

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under

some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. June 23, 1997)).

## III. Analysis

### A. Section 227(b)(1)(B) of the TCPA

Defendant contends that the subclaim under section 227(b)(1)(B) of the TCPA should be dismissed because that statutory provision covers only residential landlines, and the complaint only alleges that defendant called plaintiff's cell phone. "Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013) (citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)). The TCPA, in relevant part, makes it unlawful for any person "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes . . . ." 47 U.S.C. § 227(b)(1)(B).

Plaintiff, in his opposition memorandum, concedes that his subclaim under § 227(b)(1)(B) should be dismissed. *See* Mem. in Opp. at 3 ("Plaintiff avers that this citation was in error."). Therefore, the subclaim for violation of § 227(b)(1)(B) will be dismissed.

### B. The TCIA

Defendant next contends that the subclaim for violation of the TCIA should be dismissed because that statute does not provide a private right of action. The TCIA makes it "unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller information with the intent to defraud . . . ." 47 U.S.C. § 227(e)(1). The

5

statute provides for civil forfeiture penalties, § 227(e)(5)(A), and criminal fines for persons who "willfully and knowingly" violate the law, § 227(e)(5)(B). However, section 227(e)(6) specifies that the "chief legal officer of a State . . . may bring a civil action [under this act], as *parens patriae*, on behalf of the residents of that state." Accordingly, it is clear that Congress did not create a private right of action to enforce the TCIA. *See, e.g.*, *Free Conferencing Corp. v. Comcast Corp.*, 2016 WL 7637664, at *7 (C.D. Cal. May 31, 2016); *Clark v. Avatar Techs. Phl Inc.*, 2014 WL 1342033, at 3-4 (S.D. Tex. Apr. 3, 2014).

In his opposition, plaintiff cites subsection 227(b)(3) of the TCPA in support of his contention that "Congress provided for a private right of action" for violation of the TCIA. (Mem. in Opp. at 3-4). However, while both the TCPA and TCIA are codified at 47 U.S.C. § 227, the TCIA is "codified entirely within [section] 227(e)." *Teltech Sys., Inc. v. Bryant*, 702 F.3d 232, 234 (5th Cir. 2012). Therefore, it is improper to apply the language of subsection 227(b)(3), which does grant a private right of action, to the TCIA, which does not. The subclaim for violation of § 227(e) will therefore be dismissed.

## C. The TCFAPA and the Telemarketing Sales Rule

Defendant next contends that the subclaims for violation of the TCFAPA and the FTC's Telemarketing Sales Rule should be dismissed because neither provision provides for a private right of action in this situation. The TCFAPA charges the Federal Trade Commission with promulgating "rules prohibiting deceptive telemarketing acts or practices." 15 U.S.C. § 6102(a)(1). "[S]uch rules" include "a requirement that telemarketers may not undertake a pattern of unsolicited phone calls which the reasonable consumer would consider coercive or abusive of such consumer's right to privacy." 15 U.S.C. § 6102(a)(3)(A). The FTC in turn has promulgated the Telemarketing Sales Rule, which states in relevant part that "[i]t is an abusive

6

telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when that person previously has stated that he or she does not wish to receive [such a] call made by . . . the seller" or where "[t]hat person's telephone number is on the [national] "do-not-call" registry."  16 C.F.R. § 310.4(b)(1)(iii).

However, the TCFAPA provides a private right of action only where the plaintiff alleges "actual damages of $50,000 or more."  *Shostack v. Diller*, 2016 WL 958687, at *6 (S.D.N.Y. Mar. 8, 2016).  *See also Rodriguez v. Chris M.*, 2009 WL 1357461, at *1 (E.D. Cal. May 13, 2009); 15 U.S.C. § 6104(a) ("Any person adversely affected . . . may . . . bring a civil action . . . if the amount in controversy exceeds the sum or value of $50,000 in actual damages.").  Punitive damages "do not count toward the $50,000 requirement."  *Shostack*, 2016 WL 958687, at *6.

Here, the complaint seeks $14,000 for the "28 violations enumerated in Count I" (aggregating all federal subclaims).  (Compl. at 6).[2]  Because that amount falls well under the $50,000 threshold set forth in the statute, the complaint does not state a claim under the TCFAPA and Telemarketing Sales Rule.[3]  Moreover, although plaintiff contends that he anticipates discovering "further violations of the cited statutes" and requests "trebling of damages" as arguments for why the $50,000 threshold is met, that is not sufficient.  (Mem. in Opp. at 4).  Mere conjecture that discovery would uncover further violations is insufficient to sustain a claim.  *See DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999) ("Conclusory allegations . . . if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."); *Araujo v. UGL Unicco-Unnico Operations*, 53 F. Supp. 3d 371, 379 (D. Mass. 2014) ("If the factual allegations in the complaint are too meager, vague, or

---

[2] The complaint only alleges seven calls made by defendant.

[3] Although it is unclear whether "treble damages" are always "punitive damages," the Court need not address that issue.

conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal.") (citations omitted)). Moreover, while the TCPA provides for treble damages, the TCFAPA does not. *See Medline Indus., Inc. v. 9121-3140 Quebec, Inc.*, 2010 WL 840196, at *2 (D.N.H. Mar. 5, 2010) (noting that as between the TCFAPA and Lanham Act, only the latter provided treble damages). Accordingly, those subclaims will be dismissed.

### D. <u>Mass. Gen. Laws. ch. 93A</u>

Count 2 includes a subclaim that defendant engaged in unfair and deceptive acts in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2. "Conduct is unfair or deceptive if it is 'within at least the penumbra of some common-law, statutory, or other established concept of unfairness' or 'immoral, unethical, oppressive, or unscrupulous.'" *Cummings v. HPG Int'l Inc.*, 244 F.3d 16, 25 (1st Cir. 2001) (quoting *PMP Assoc. Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 596 (1975)). In addition, the plaintiff must show "an injury or loss" and a "causal connection between the defendant's deceptive act or practice and the plaintiff's injury." *Gorbey ex rel. Maddox v. Am. Journal of Obstetrics and Gynecology*, 849 F. Supp. 2d 162, 165 (D. Mass. 2012).

The complaint alleges that defendant violated Chapter 93A by making unwanted calls using recorded messages and blocking caller ID devices despite being informed that plaintiff's number was on the state and federal do-not-call lists. (Compl. ¶¶ 22-27). The Chapter 93A claim is entirely derivative of plaintiff's TCPA subclaims for violation of 47 U.S.C. § 227(b)(1)(A)(iii) and the state do-not-call statute, Mass. Gen. Laws ch. 159C, both of which defendant has not sought to dismiss.

"While statutory violations can provide evidentiary support for a 93A claim, the 'case law is clear that a statutory violation is not a *per se* violation of ch. 93A.'" *Jones v. Experian*

*Info. Solutions, Inc.*, 141 F. Supp. 3d 159, 163 (D. Mass. 2015) (quoting *Swenson v. Yellow Transp., Inc.*, 317 F. Supp. 2d 51, 55 (D. Mass. 2004)). *See also Davis v. Diversified Consultants, Inc.*, 36 F. Supp. 3d 217, 223 (D. Mass. 2014) ("The [TCPA] is essentially a strict liability statute and does not require any intent for liability except when awarding treble damages.") (citations omitted). "Mere negligence" is insufficient to maintain a Chapter 93A claim; rather, "the defendant must have committed some 'extreme or egregious' fault." *Jones*, 141 F. Supp. 3d at 163-64 (quoting *Baker v. Goldman, Sachs & Co.*, 771 F.3d 37, 51 (1st Cir. 2014)). Taking the factual allegations in the complaint as true, defendant and its agents annoyed plaintiff by making seven calls over the course of five months in violation of certain federal and state do-not-call laws. Based on the pleadings alone, which must be construed in plaintiff's favor as a *pro se* litigant, the Court cannot ascertain whether those calls, under the circumstances, amount to a violation. Accordingly, the motion to dismiss the Chapter 93A subclaim will be denied.

## IV. Conclusion

For the foregoing reasons, defendant's partial motion to dismiss is GRANTED as to the claims asserted in Count 1 under (1) section 227(b)(1)(B) of the TCPA, (2) the TCIA, (3) the TCFAPA, and (4) FTC Telemarketing Sales Rule, and is otherwise DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: January 30, 2018    United States District Judge