UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDERMET, | ) )  |
| Plaintiff, | ) ) Civil Action No. ) 17-12327-FDS |
| v. | ) ) |
| JOHN C. HEATH, ATTORNEY AT LAW, PLLC d/b/a LEXINGTON LAW FIRM, | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM AND ORDER ON DEFENDANT'S
PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

**SAYLOR, J.**

This is an action arising from alleged solicitation calls made by defendant to plaintiff's cell phone. The *pro se* amended complaint contends that defendant violated various federal and state telemarketing and consumer protection statutes. Defendant has moved to dismiss claims arising out of two newly alleged solicitation calls. For the reasons stated below, the motion will be denied.

**I.  Background**

    **A.  Factual Background**

The facts are set forth as described in the amended complaint.

William McDermet is a resident of Ipswich, Massachusetts. (Am. Compl. ¶ 2). He registered both his cell-phone number and home landline phone number on the state and federal do-not-call registries on August 16, 2003, and January 28, 2010, respectively. (*Id.* ¶ 7).

Defendant or his agent allegedly called McDermet on his cell phone on nine separate

occasions. (*Id.* ¶¶ 8, 16-18). The calls were made on eight dates: December 27, 2016 (1:29 p.m. and 1:42 p.m.), and January 25, February 23, March 7, March 9, April 19, November 21, and November 27, 2017. (*Id.*). When McDermet picked up his phone on the first seven occassions, he heard a mechanical or recorded voice asking whether he needed help with credit repair. (*Id.* ¶¶ 9, 16).

According to the complaint, during the two calls made in March 2017, McDermet indicated to the mechanical voice that he was interested in credit repair services. (*Id.* ¶ 10). At that point, he was transferred to a live person. (*Id.*). In both instances, the person on the other end of the line did not know McDermet's name and stated they were with the "Lexington Law Firm" in Utah. (*Id.* ¶¶ 10-11). During the March 9 phone call, McDermet requested a physical address for defendant. (*Id.* ¶ 10). He was then transferred to a supervisor, who provided a P.O. Box address. (*Id.*). McDermet alleges that he reiterated his request for a physical address, and soon afterward the line went dead. (*Id.*).

The complaint further alleges that on December 27, 2016, and February 23 and March 9, 2017, McDermet's caller-identification function showed numbers that could not be redialed. (*Id.* ¶ 12). The numbers shown on January 25 and March 7, 2017, when redialed, led to entities unrelated to the Lexington Law Firm. (*Id.*).

The complaint further alleges that McDermet never gave defendant or its agents permission to contact him. (*Id.* ¶ 13). In addition, on March 12, 2017, he sent a letter by certified mail to defendant demanding that it cease calling him and provide the name of any "lead generator" used to initiate the six calls. (*Id.* ¶ 14). He received a reply from attorney Laura Tanner on April 19, 2017, acknowledging receipt of the demand letter. (*Id.* ¶ 15). The reply disavowed liability. (*Id.*).

The same day he received the letter, McDermet received another call using a mechanical voice purporting to offer to help with credit repair. (*Id.* ¶ 16). He provided the recording a fictitious name and was again transferred to an entity identifying itself as the Lexington Law Firm. (*Id.*). Upon speaking to a live person, he again stated that defendant was violating federal and state laws. (*Id.*). The number on his caller identification function could not be redialed. (*Id.*).

Approximately seven months later, McDermet received two more calls. The first call, on November 21, 2017, was from the number 800-338-1899. (*Id.* ¶ 17). When he answered the phone, he received no response. (*Id.*). Attempts to redial that number led to a message stating "[t]his number is not in service." (*Id.*). The second call, on November 27, 2017, was from that same number. (*Id.* ¶ 18). This time, when McDermet answered the phone, a live person asked if "Robert" was available and stated he was calling from the Lexington Law Firm. (*Id.*). The caller proceeded to interview McDermet before disconnecting. (*Id.*).

### B. **Procedural Background**

The complaint was originally filed in the Essex County Superior Court on October 27, 2017. It alleged two counts, and embedded within both counts were multiple subclaims. Defendant timely removed the action to federal court on November 27, 2017. On January 30, 2018, the Court dismissed plaintiff's claims under (1) section 227(b)(1)(B) of the Telephone Consumer Protection Act ("TCPA"), (2) the Truth in Caller ID Act ("TCIA"), (3) the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"), and (4) FTC Telemarketing Sales Rule.

On February 7, 2018, plaintiff moved to amend the complaint to add claims under section

3

227(c)(3)(F) of the TCPA arising out of the November 2017 calls.[1] The Court granted the motion to amend on February 23, 2018. Defendant then moved to dismiss the newly added claims.

## II. **Legal Standard**

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III. **Analysis**

Defendant contends that the claims under section 227(c)(3)(F) of the TCPA should be dismissed because that statutory provision only permits recovery if an individual "has received

---

[1] Plaintiff appears to have mistakenly cited 47 U.S.C. § 227(c)(3)(G), which authorizes the FCC to implement regulations specifying the methods by which persons seeking to make telephone solicitations could access the do-not-call list.

4

more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). Applicable FCC regulations provide that "[n]o person or entity shall initiate any telephone solicitation to [a] residential telephone subscribe who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). A "telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(14).

Defendant chiefly argues that the amended complaint does not adequately allege that the November 2017 phone calls were telephone solicitations. However, the complaint clearly alleges that both calls were made by defendant or his agent. And, in light of the well-pleaded allegations stating that the prior seven times defendant or his agent contacted plaintiff were for solicitation purposes, it is reasonable to infer that the final two calls were made for similar purposes. Accordingly, the amended complaint states a plausible claim under section 227(c)(3)(F) of the TCPA for the November 2017 phone calls.

**IV.     Conclusion**

For the foregoing reasons, defendant's partial motion to dismiss is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated:  June 22, 2018                                       United States District Judge